UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1688 PA (MRWx) | Date | March 2, 2018 |
|---|---|---|---|
| Title | Debra E. Lasich v. Ford Motor Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Renee Fisher | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Ford Motor Company and Big Valley Ford, Inc. d/b/a Big Valley Ford Lincoln ("Defendants") on February 28, 2018. Defendants are attempting to remove an action commenced by plaintiff Debra E. Lasich ("Plaintiff") in Los Angeles Superior Court on June 24, 2016. Defendants assert that this Court has subject matter jurisdiction on the basis of a pending bankruptcy proceeding in the District of Delaware. See 28 U.S.C. § 1452(a).

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. Section 1334(b) invests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] of by the Supreme Court." Id. Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . . At bottom, the question is committed to the sound discretion of the . . . judge." McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-1688 PA (MRWx) | Date | March 2, 2018 |
|---|---|---|---|
| Title | Debra E. Lasich v. Ford Motor Company, et al. | | |

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665-66 (Bankr. S.D. Cal. 2001) (citing W. Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 2 (E.D. Cal.1988)). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 310 (C.D. Cal. 2010) (quoting In re Roman Catholic Bishop of San Diego, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007)).

Here, Defendants allege that the Court has jurisdiction under § 1452 because defendant Ford Motor Company is entitled to indemnity from TK Holdings, Inc., which has commenced Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware, and because Plaintiff's claims are related to those proceedings. However, even if the Court may have jurisdiction over the action, the Court concludes that equitable grounds support remand.

Plaintiff, a California resident, brought suit against a California car dealership and a car manufacturer relating to allegedly defective airbags installed in a car that she purchased. Plaintiff does not assert any claims against Takata, the airbag manufacturer. Plaintiff commenced her state-court action and served Defendant Ford Motor Company almost exactly one year before Ford Motor Company asserted its claims against Takata Corporation and TK Holdings (a Takata entity), and TK Holdings filed for bankruptcy. (See Notice of Removal ¶¶ 1, 3-4, 14; Docket No. 1-1 at 3-17, 88-98.) Plaintiff asserts only California state-law claims against Defendants, and Ford Motor Company's claims also are based in state law. See Estate of Scott v. Cervantes, No. CV 08-03293 MMM (CWx), 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008) ("Where issues of state law predominate, comity . . . favors remand."); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law."). Additionally, Ford Motor Company's claims against Takata and TK Holdings could have been brought independently of Plaintiff's action. Under these circumstances, the Court concludes that it would be inequitable to require Plaintiff to litigate her case in federal court.

For all of the foregoing reasons, this action is hereby remanded to the Los Angeles County Superior Court, Case No. BC625034.

IT IS SO ORDERED.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 2 of 2